**FINAL JURY INSTRUCTIONS**

**Instruction 1.202 – CAUTIONARY INSTRUCTIONS ON THE USE OF THE INTERNET AND PUBLICITY**

You may not communicate with anyone not on the jury about this case. As I explained earlier, this includes any electronic communication such as emailing or texting or any blogging about the case. In addition, you may not conduct any independent investigation before or during deliberations. This means you may not conduct any research in person or electronically via the Internet or in any other way.

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

**Instruction 2.100 – FURNISHING THE JURY WITH A COPY OF THE
INSTRUCTIONS**

I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

**Instruction 2.101 – FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## Instruction 2.102 – FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2.103 – JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction 2.104 – EVIDENCE IN THE CASE: STIPULATIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.  You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.105 – STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106 – INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of guilt or draw any inference of guilt from it.

**Instruction 2.107** – **BURDEN OF PROOF—PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Benton to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of an offense with which Mr. Benton is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, it is your duty to find Mr. Benton not guilty of that offense.

**Instruction 2.108 – REASONABLE DOUBT**

The government has the burden of proving a defendant guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of Mr. Benton's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.  The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

**Instruction 2.109 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.   When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.   On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.   Assume a person looked out a window and saw that snow was falling.   If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.   Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.   His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.   The law does not favor one form of evidence over another.   It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.   You are permitted to give equal weight to both.   Circumstantial evidence does not require a greater degree of certainty than direct evidence.   In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction 2.110 – NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction 2.111 – NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction 2.112 – INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.   You must not hold such objections against the lawyer who made them or the party she or he represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

## Instruction 2.200 – CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have testified before you.

You are the sole judge of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified. You may consider anything that in your judgment affects the credibility of any witness.

For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important o r unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.207 – LAW ENFORCEMENT OFFICER'S TESTIMONY**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a law enforcement officer.

**Instruction 2.208 – RIGHT OF DEFENDANT NOT TO TESTIFY**

Every defendant in a criminal case has an absolute right not to testify.  Mr. Benton has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision.  You must not assume the defendant is guilty because he chose not to testify.

**Instruction 2.210 – FALSE OR INCONSISTENT STATEMENT BY DEFENDANT**

You have heard evidence that Mr. Benton made statements in explanation of his actions that may have been false or inconsistent.  It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent.  If you find he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt.  On the other hand, you may also consider that he may have given such statements for reasons unrelated to his case or consistent with his/her innocence.

If you find that Mr. Benton made a false or inconsistent statement in explanation of his/her actions, you should give the testimony as much weight as in your judgment it deserves.

.

**Instruction 2.321 – EVIDENCE OF OTHER CRIMES**

You have heard evidence that Mr. Benton was previously convicted of conspiracy to commit against the United States, causing false records, causing false campaign expenditure reports, and false statement scheme as detailed in Government's Exhibit 30.  It is up to you to decide whether to accept that evidence.

If you find that Mr. Benton committed the offenses as detailed in Government's Exhibit 30, you may use this evidence only for the limited purposes of deciding whether

1. The circumstances of the other crimes and charged offense(s) are so similar that it is likely that the person who committed the offenses as detailed in Government's Exhibit 30 also committed the offenses as charged in the indictment, or

2. The government has proved beyond a reasonable doubt that Mr. Benton acted knowingly and on purpose and willfully, and not by mistake or accident or in good faith.

If you conclude that

1. The  offenses as detailed in Government's Exhibit 30 are so similar to the charged offenses that it is likely that the same person committed both of them.

You may use this evidence in determining whether the government has proved beyond a reasonable doubt that Mr. Benton is the person who committed the crimes as charged  in the indictment.

If you find that Mr. Benton committed the offenses as detailed in Government's Exhibit 30, you may also use this evidence for the limited purpose of deciding/determining whether the government has proved beyond a reasonable doubt that Mr. Benton acted

knowingly and on purpose and willfully, and not by mistake or accident or in good faith.

You may not use this evidence for any other purpose. Mr. Benton is only on trial for the crimes charged.

Mr. Benton is not charged in this case with any offense relating to the offenses detailed in Government's Exhibit 30, and you may not use this evidence to conclude that he has a bad character, or that Mr. Benton has a criminal personality. The law does not allow you to convict Mr. Benton simply because you believe he may have done bad things not specifically charged as crimes in this case.

**Instruction 2.500 – REDACTED EXHIBITS**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

## EXPLANATION OF FEDERAL ELECTION LAWS THAT APPLIES TO COUNTS 1, 2 and 3

The Federal Election Campaign Act, which I'll simply refer to as the "Election Act," imposes reporting requirements on the election campaigns and affiliated political committees for candidates for federal office, including the Office of the President of the United States and offices of members of the United States House of Representatives and United States Senate. The Election Act is administered by the Federal Election Commission, also referred to as the FEC, which is a department or agency within the Executive Branch of the United States government.

*Reporting Requirements*: Under the Election Act, political committees are required to file periodic reports of receipts and disbursements with the FEC identifying, among other things, the name of each person who made a contribution to the committee during the reporting period whose contribution or contributions had an aggregate amount or value of more than $200, together with the date and the amount of the contribution.

*Restrictions*: The Election Act restricts the sources of money that may be contributed to a federal candidate or a political committee as follows:

1.    The Election Act prohibits a foreign national from making a contribution, either directly or indirectly, and prohibits any person from soliciting a contribution from a foreign national.

2.    The Election Act prohibits a person from permitting his or her name to be used to effect a contribution using someone else's funds.

The term "contribution" is defined under the Election Act as any gift, loan, or deposit of money, or anything of value, made by any person for the purpose of influencing any election for federal office.

24

**CONSPIRACY – COUNT ONE, 18 U.S.C. § 371**

The Defendant is charged in Count One with a conspiracy that had three unlawful objects.  The "objects" of a conspiracy are the illegal goal or goals the co-conspirators agree upon or hope to achieve. The first alleged unlawful object was to solicit a foreign national contribution and/or cause a foreign national directly or indirectly to make foreign national contributions in a United States Election. The second alleged unlawful object was to effect political contributions in the name of a person other than the true contributor. The third alleged unlawful object was to cause false entries in a record that impeded, obstructed, or influenced the proper operations of the FEC. The government is not required to prove that any object was achieved. Nor must the government prove all of the objects or purposes of the alleged conspiracy. Proof beyond a reasonable doubt on one object or purpose is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. I will explain each of the criminal offenses associated with those objects after I instruct you on the crime of conspiracy.

As I already stated, Count One charges the Defendant with conspiracy. The elements of conspiracy, each of which the government must prove beyond a reasonable doubt, are that:

1.  From in or about September 2016 to at least July 2017, an agreement existed between two or more people to commit the crime of soliciting a foreign national contribution and/or causing a foreign national directly or indirectly to make a foreign national contribution in a United States Election; and/or to effect political contributions in the name of a person other than the true contributor; and/or causing a false entry in a record that impeded, obstructed, or influenced the proper operations of the FEC. This does not have to be a formal agreement or plan, in which everyone involved sat down together and

worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to commit a crime. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the criminal object or objects. So, the first thing that must be shown is the existence of an agreement.

2.    The Defendant intentionally joined that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the Defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the Defendant part of the conspiracy. So the second thing that must be shown is that the Defendant was part of the conspiracy.

3.    One of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The charged overt acts are described in the Indictment in paragraphs 27 to 48.5 The government need not prove that all of these overt acts were taken, but in order to find the Defendant guilty,

you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether the Defendant was one of its members, you may consider the acts and statements of any other member of the conspiracy as evidence against the Defendant whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For the Defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that during the charged period, there was an agreement to solicit a foreign national contribution and/or cause a foreign national directly or indirectly to make a foreign national contribution in a United States Election, and/or there was an agreement to effect political contributions in the name of a person other than the true contributor; and/or there was an agreement to causing the falsification of records; second, that the Defendant intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.

## COUNT TWO – FOREIGN NATIONAL CONTRIBUTIONS, 52 U.S.C. §§ 30121 & 30109(d)(1)(A)

As mentioned above, the Defendant is charged in Count One with conspiring to commit three unlawful objects. The first object is soliciting and causing a foreign national contribution. In Count Two, the Defendant is also charged with this offense substantively. It is a crime for a foreign national to make contributions to a Federal, State or Local election. The elements of the crime of soliciting or causing a foreign national contribution are that:

1.  A person solicited a contribution of money or other thing of value from a foreign national or caused a foreign national directly or indirectly to make a contribution;

2.  The contribution was in connection with a Federal election or to a committee of a political party;

3.  The Defendant acted knowingly and willfully; and

4.  The aggregate amount of the foreign contribution equaled $25,000 or more during the calendar year 2016.

A "foreign national" is an individual who is not a citizen of the United States or a national of the United States and who is not lawfully admitted for permanent residence in the United States.

An act is done "knowingly" if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted "knowingly."

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard

the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

The term "contribution" includes any deposit of money, gift, loan, or advance made by any person for the purpose of influencing any election for Federal office. "Federal office" means the office of President, Vice President, or of a member of the United States House of Representatives or the United States Senate.

To "solicit", or the term "solicitation" means to ask, request, or recommend, explicitly or implicitly, that another person make a contribution, donation, transfer of funds, or otherwise provide anything of value. A solicitation is an oral or written communication that, construed as reasonably understood in the context in which it is made, contains a clear message asking, requesting, or recommending that another person make a contribution, donation, transfer of funds, or otherwise provide anything of value. A solicitation must be made directly or indirectly. The mere solicitation or requesting of a contribution is just as much a violation of the statute as the actual making or receipt of a contribution. It is not necessary for the solicitation to actually succeed, or that a contribution was actually made.

While the amount of the contributions together must be equal to or exceed $25,000 in the calendar year you are considering – 2016 – you need not determine the precise amount of the contributions involved.

The Defendant may also be guilty of the crime charged in the indictment if he caused a foreign national directly or indirectly to make a contribution. You may find the Defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A

defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about.

You may convict the Defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the Defendant willfully caused such an act to be done, with the intent to commit the crime.

## COUNT THREE – CONDUIT CONTRIBUTIONS, 52 U.S.C. §§ 30122

As mentioned above, the Defendant is charged in Count One with conspiring to commit three unlawful objects. The second object charges the Defendant with the crime of effecting political contributions in the name of a person other than the true contributor, also called a "conduit contribution". In Count Three, the Defendant is also charged with this crime substantively. It is a crime for someone to permit the use of his or her name to effect a federal campaign contribution of another.

The elements of the crime of effecting a conduit contribution are that:

1. The Defendant allowed his name to be used to effect a contribution;

2. The Defendant was not the true source of the contribution;

3. The contribution was made to a candidate or campaign for federal office or a federal political committee;

4. The Defendant acted knowingly and willfully; and

5. The aggregate amount of the contributions equaled $25,000 or more in the calendar year 2016.

An act is done "knowingly" if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted "knowingly."

And the word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law

forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

The term "effect" means to bring about or to make happen.

Additionally, as I have already told you, the term "contribution" includes any deposit of money, gift, loan, or advance made by any person for the purpose of influencing any election for Federal office. "Federal office" means the office of President, Vice President, or of a member of the United States House of Representatives or the United States Senate.

While the amount of the contributions together must be equal to or exceed $25,000 in the calendar year you are considering – 2016 – you need not determine the precise amount of the contributions involved.

It does not matter whether the true source of the funds provided an advancement or a reimbursement of funds for the contribution.

## COUNTS FOUR, FIVE, AND SIX – FALSIFICATION OF A RECORD, 18 U.S.C. §§ 1519 and 2

As mentioned above, the Defendant is charged in Count One with conspiring to commit three unlawful objects. The third object charges the Defendant with the crime of causing the falsification of an entry in a record. In Counts Four, Five, and Six, the Defendant is also charged with this crime substantively.

The elements of falsification of a federal record, each of which the government must prove beyond a reasonable doubt, are:

1. The Defendant knowingly concealed, covered up, falsified, or made a false entry in a record or document, or caused another to do so;

2. The Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of a matter that he either knew of or contemplated; and

3. The matter was within the jurisdiction of the Federal Election Commission, which is an agency or department of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government does not have to prove that the falsifying of the record or document would naturally or probably result in obstruction.

The government is not required to prove that the Defendant specifically knew the investigation or proper administration of the matter was within the jurisdiction of a department or agency of the United States. In other words, you need not find the Defendant knew he was

obstructing, impeding or influencing an investigation or the proper administration of a matter that was federal in nature, or that the statements were made directly to, or even received by, the United States government.

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

A defendant does not have to personally conceal an entry, cover up an entry, falsify an entry, or make a false entry, in a record or document. You may find the Defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the Defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the Defendant willfully caused such an act to be done, with the intent to commit the crime.

**Instruction 7.103(A) – CO-CONSPIRATOR LIABILITY, CHARGED CONSPIRACY**

A conspiracy is a kind of partnership in crime and its members may be responsible for each other's actions.  A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.

In order to find Mr. Benton guilty of  soliciting or causing a foreign national contribution, effecting a conduit contribution, and/or causing false entries in records, under this theory, you must find beyond a reasonable doubt that:

1.  There was a conspiracy to solicit or cause a foreign national contribution for $25,000 or more, effect a conduit contribution for $25,000 or more, and/or cause false entries in records.

2.  The offense of soliciting or causing a foreign national contribution for $25,000 or more, effecting a conduit contribution for $25,000 or more, and/or causing false entries in records was committed by a co-conspirator of Jesse R. Benton;

3.  Mr. Benton was a member of the conspiracy to solicit or cause a foreign national contribution for $25,000 or more, effect a conduit contribution for $25,000 or more, and/or cause false entries in records at the time of the offense ; and

4.  The offense was committed during the existence of the conspiracy;

5. The offense was committed in furtherance of the conspiracy; and

6.  The offense was a reasonably foreseeable consequence of the conspiracy. It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

**Instruction 3.102 – WILLFULLY CAUSING AN ACT TO BE DONE**

You may find Mr. Benton guilty of the crime charged in the indictment without finding that he personally committed each of the actions constituting the offense or was personally present at the commission of the offense.  A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another.  To "cause" an act to be done means to bring it about.  You may convict Mr. Benton of the offense charged if you find that the government has proven beyond a reasonable doubt each element of the offense and that Mr. Benton willfully caused such an act to be done, with the intent to commit the crime.

**Instruction 3.101 – PROOF OF STATE OF MIND**

Someone's knowledge and intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's knowledge and intent from the surrounding circumstances. You may consider any statement made or acts done by Mr. Benton, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant to determining whether the government has proved beyond a reasonable doubt that Mr. Benton acted with the necessary state of mind.

## GOOD FAITH DEFENSE

Certain offenses charged in the indictment require proof that Mr. Benton acted willfully, as just described. For those counts, if you find that Benton acted in "good faith," that would be a complete defense to those charges, because good faith would be inconsistent with acting willfully.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that his or her acts were not unlawful, even though that belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if Mr. Benton made an honest mistake or had an honest misunderstanding about the lawfulness of his conduct then he did not act willfully.

It is the government's burden to prove beyond a reasonable doubt that Mr. Benton did not act in good faith. In deciding whether the government proved that a defendant acted willfully or, instead, whether he acted in good faith, you should consider all the evidence presented in the case that may bear on the defendant's state of mind and knowledge of federal campaign finance law or lack thereof.

If you find from the evidence that Mr. Benton acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that he acted willfully, you must find Mr. Benton not guilty on Counts I, II, and III.

## ADVICE OF COUNSEL DEFENSE

You have heard evidence that the defendant received advice from a lawyer, David Warrington, Esq., and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge. The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

## DEFENDANT'S THEORY OF THE CASE

In this case, the Defendant's theory of the case is that the alleged contribution in this case was made not for the purpose of influencing any election for federal office, but solely for Mr. Vasilenko to receive a photograph with then-candidate for President Donald Trump for Mr. Vasilenko's own personal, business reasons.

If you find that the alleged contribution in this case was not made for the purpose of influencing any election for federal office then you must find the Defendant not guilty as to Counts I, II, and III.

**Instruction 3.103 – "IN OR ABOUT" AND "ON OR ABOUT," PROOF OF**

The indictment charges that the offenses of conspiracy, soliciting and/or causing foreign national contributions, and effecting a conduit contribution were committed "in or about" September 2016 to at least July 2017. The indictment charges that the offenses of causing a false entry in a record were committed "on or about" October 27, 2016.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Instruction 2.405 – UNANIMITY - GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**Instruction 2.402 – MULTIPLE COUNTS, ONE DEFENDANT**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

**Instruction 2.407 – VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

**Instruction 2.501 – EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.502 – SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.505 – POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing a sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

### Instruction 2.508 – CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction 2.509 – COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.511 – EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats 12 and 13.

Before you leave, I am going to ask you to tear out a page from your notebook, and write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.